UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Angela Reliford,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Christopher M. Brown, et al.,<br><br>　　　　　　Defendants. | Case No. 2:25-cv-01088-GMN-BNW<br><br>**ORDER** |

　　　　Before this Court are six motions regarding service by pro se Plaintiff: (1) motion for alternate service of Defendant Chris Brown (ECF No. 11); (2) motion to hear the motion for alternate service on shortened time (ECF No. 64); (3) motion for leave to file supplemental declarations in support of the motion for alternate service (ECF No. 69); (4) motion to extend the time for service (ECF No. 29); (5) ex parte motion for service by the U.S. Marshals (ECF No. 72); and (6) ex parte motion to extend time for service (ECF No. 73). No responses were filed. This Court discusses each of the motions below.

**I.　BACKGROUND**

　　**A.　Facts and Procedural History**

　　　　This case stems from a 2024 viral social media post by famous singer/songwriter, Chris Brown. Plaintiff, a self-proclaimed super fan, operated a fan account, @ChrisBrownzWife777, that featured "dramatic monologues, faith-based content, and fictional performances." ECF No. 1-2 at 10. After attending a Chris Brown afterparty where she felt uncomfortable, Plaintiff posted a video on her fan account. *Id.* She claims that this video was a performative "villain monologue" modeled after the Joker. Chris Brown re-posted an edited version of the video, which included an unrelated mugshot of Plaintiff, to his official Instagram account. Plaintiff alleges she was harassed, misgendered, threatened, and humiliated as result of the viral post.

　　　　Plaintiff initiated legal action in state court against Chris Brown, Sony Music Entertainment, and RCA Records. ECF No. 1-2. She asserts multiple causes of action, including

defamation, slander, false light, invasion of privacy, libel, copyright infringement, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. *Id.* Plaintiff served Defendant Sony in state court, and it removed the case to this district. ECF No. 1. Plaintiff now moves to serve Defendant Chris Brown by alternate means, to extend the time for service, and for various other service-related relief. ECF Nos. 11, 29, 64, 69, 72, 73.

## II. DISCUSSION

### A. Motion for shortened time (ECF No. 64)

Plaintiff asks this Court to hear her motion for alternate service on shortened time. ECF No. 64. Local Rule IA 6-1(d) states that "motions to shorten time will be granted only upon an attorney or party's declaration describing the circumstances claimed to constitute good cause to justify shortening of time." Here, Plaintiff asks this Court to hear her motion on an expedited basis so that she can serve Defendant Brown and the case can move forward. ECF No. 64. She contends that Defendant Brown is evading service, which has prejudiced her. This Court finds good cause to grant her request.

### B. Motion for leave to file supplemental briefing (ECF No. 69)

Plaintiff requests leave to file supplemental declarations (ECF Nos. 63 and 65) in support of her motion for alternate service. Under Local Rule 7-2(g), a "party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." Here, Plaintiff seeks to provide additional evidence of her efforts to serve Defendant Brown. ECF No. 69. This Court finds good cause to grant the motion. It considers the supplemental declarations at ECF Nos. 63 and 65 in tandem with the motion for alternate service below.

### C. Motion for alternate service (ECF No. 11)

Plaintiff moves to serve Defendant Brown by publication or other appropriate method. ECF No. 11. In her motion, Plaintiff explains that she has attempted service on Defendant Brown in the United Kingdom, at his Las Vegas and California residences, and in Florida. *Id.* at 2–3; ECF No. 63. She seeks alternate service or service by publication and cites Nevada Rule of Civil Procedure ("NRCP") 4.4(b)(1). While Plaintiff has detailed her many service attempts on Defendant Brown, she has not fully addressed the elements under NRCP 4.4(b) or NRCP 4.4(c).

1  Accordingly, this Court denies her motion without prejudice. Plaintiff should carefully review the
2  applicable law before re-filing her motion. She should also strive to put all relevant information in
3  one motion instead of filing supplements.

### D.  Motion to extend the time for service (ECF No. 29)

Plaintiff seeks a 90-day extension of time to serve Defendant Brown. Federal Rule of Civil Procedure 4 provides that a plaintiff must serve a defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). In removed cases, the 90-day period runs from the date of removal. *See* Fed. R. Civ. P. 81(c); *see also Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) ("The Federal Rules of Civil Procedure govern service of process in federal court, *see* Fed. R. Civ. P. 4, and apply to a civil action after removal, *see* Fed. R. Civ. P. 81(c)(1)."); *see also Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011) ("The same [90-day] period applies where suits are removed to federal court from state court, except that the period commences upon the date of removal."). Plaintiff's current deadline to serve Defendant Brown is September 16, 2025. *See* ECF No. 1 (removing case on June 18, 2025).

Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

Here, Plaintiff explains that she has hired professional process servers and private investigators to locate and serve Defendant Brown, and that she has attempted to serve him multiple times at his various residences. ECF No. 29. Because Plaintiff has diligently attempted to serve Defendant Brown, this Court finds good cause and extends the time for service. Therefore, it need not consider excusable neglect. Plaintiff will have until December 15, 2025, to serve Defendant Brown. The ex parte motion to extend the time for service (ECF No. 73) is subsequently denied as moot.

//

**E. Ex parte motion for service by U.S. Marshals (ECF No. 72)**

Plaintiff filed an ex parte motion for this Court to direct the U.S. Marshals to serve Defendant Brown. ECF No. 72. Under Local Rule IA 7-2(b), an "ex parte motion or application must articulate the rule that permits ex parte filing and explain why it is filed on an ex parte basis." Plaintiff has neither articulated the rule that permits her to file ex parte nor explained why she filed the motion on this basis. Accordingly, this Court denies her motion without prejudice.

### III. CONCLUSION

**IT IS ORDERED** that Plaintiff's motion for shortened time (ECF No. 64), motion to file supplemental briefing (ECF No. 69), and motion to extend the time for service (ECF No. 29) are **GRANTED.** Plaintiff will have until **December 15, 2025**, to serve Defendant Brown.

**IT IS FURTHER ORDERED** that Plaintiff's motion for alternate service (ECF No. 11) and ex parte motion for service by the U.S. Marshal's (ECF No. 72) are **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's ex parte motion to extend time (ECF No. 73) is **DENIED as moot.**

DATED: August 27, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE