UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Angela Reliford, individually,<br><br>Plaintiff,<br><br>v.<br><br>Christopher M. Brown, et al.,<br><br>Defendants. | Case No. 2:25-cv-01088-GMN-BNW<br><br>**ORDER** |

Before this Court are two motions by pro se Plaintiff: Application to Proceed *In Forma Pauperis* (ECF No. 14) and Motion to Appoint Counsel (ECF No. 12). No responses were filed. The parties are familiar with the facts of this case, so this Court will not repeat them. Because Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them, this Court will grant her request to proceed *in forma pauperis*. *Id*. However, Plaintiff has not established exceptional circumstances to justify appointment of counsel, so this Court denies her motion to appoint counsel without prejudice.

**I.    DISCUSSION**

**A.    Application to proceed *in forma pauperis* (ECF No. 14)**

Although Defendant Sony removed this case to federal court and paid the filing fee, Plaintiff still moves to proceed *in forma pauperis* ("IFP"). ECF No. 14. Before removal, Plaintiff moved to proceed IFP, and the state court granted her request. *See* ECF No. 14. Because Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a), showing an inability to prepay fees or costs or give security for them, this Court finds no reason to deny her request. Plaintiff may proceed IFP.

Courts ordinarily screen indigent plaintiffs' complaints prior to service. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam). However, when defendants file an answer or responsive pleading, such as a motion to dismiss, the need for screening is obviated. *See, e.g.*, *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (noting

that the purpose of § 1915 is to ensure that "the targets of frivolous or malicious suits need not bear the expense of responding"); *see also Olausen v. Murguia*, No. 3:13-CV-00388-MMD-VPC, 2014 WL 6065622, at *3 (D. Nev. Nov. 12, 2014) ("[T]he screening provision does not require a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint."). Here, screening is not necessary as Defendant Sony filed a motion to dismiss. *See* ECF No. 24.

### B. Motion to Appoint Counsel (ECF No. 12)

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799–800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Here, Plaintiff does not demonstrate the exceptional circumstances required for the appointment of an attorney. As to the first prong, this Court is unable to evaluate Plaintiff's likelihood of success on the merits at this time given the case's early procedural posture. Defendant Sony removed approximately two-and-a-half months ago, there is a pending motion to dismiss, and there are ongoing service issues with Defendant Brown. ECF Nos. 1, 24, 11. This

1 Court also notes that Plaintiff has been unable to obtain an attorney despite diligent efforts to do
2 so. ECF No. 12 at 2.
3      As to the second prong, Plaintiff has demonstrated an ability to articulate her claims
4 without an attorney in light of the complexity of the legal issues involved. She has filed well over
5 a dozen motions requesting various forms of relief, all of which speak to Plaintiff's abilities and
6 her understanding of the litigation process. Her arguments that she is unable to afford an attorney
7 and that defendants are well resourced are not exceptional. These are common obstacles that pro
8 se litigants face, and they have not prevented her from navigating both state and federal civil
9 procedure thus far.
10     In addition, Plaintiff claims that she has a medical condition that "*may* occasionally
11 interfere with her ability to fully understand and comply with procedural requirements of the
12 federal court system." ECF No. 12 at 2 (emphasis added). She has not identified what mental
13 health condition she has, nor affirmatively stated that her condition impacts her abilities to
14 articulate her claims. Without further explanation regarding if/how her condition impacts her
15 abilities, this Court is unable to find that exceptional circumstances exist, especially given that
16 Plaintiff has shown she can navigate the legal system, as discussed above.
17     Any pro se litigant "would be better served with the assistance of counsel." *Rand v.*
18 *Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331). Nonetheless,
19 so long as a pro se litigant can "articulate his claims against the relative complexity of the
20 matter," the "exceptional circumstances" which might require the appointment of counsel do not
21 exist. *Id.* Therefore, this Court denies Plaintiff's motion in its discretion.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's request to proceed *in forma pauperis* (ECF No. 14) is **GRANTED**.

/ /
/ /
/ /
/ /

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 12) is **DENIED** without prejudice.

DATED: August 27, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE