**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Angela Reliford, | Case No. 2:25-cv-01088-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Christopher M. Brown, et al., | |
| Defendants. | |

Before this Court are two motions: (1) Defendant Sony's motion to strike the amended complaint at ECF No. 10; and (2) pro se Plaintiff's motion for sanctions. ECF Nos. 34 and 66. Plaintiff and Defendant Sony responded at ECF Nos. 50 and 71 and replied at ECF Nos. 60 and 76. For the reasons discussed below, this Court grants Defendant Sony's motion to strike and denies Plaintiff's motion for sanctions. Should Plaintiff wish to file an amended complaint, she must move to amend and address the appropriate factors.

**I.   BACKGROUND**

The parties are familiar with the general facts of this case, so this Court will not repeat them. Relevant here, Defendant Sony states that Plaintiff amended her complaint five times in state court: once as a matter of course under Nevada Rule of Civil Procedure 15(a)(1) and four additional times without leave of court. ECF No. 1 at 2–3. Plaintiff does not contend otherwise. In mid-May, counsel for Defendant Sony stated that it confirmed with Plaintiff the complaint filed on May 16, 2025, was the operative complaint. *Id.* at 3. Defendant Sony removed the case to federal court on June 18, 2025. *Id.* Plaintiff filed an amended complaint in federal court about five days later. ECF No. 10. Defendant Sony moved to dismiss the May 16 complaint, and it referenced, "where applicable, to the analogous allegation contained in the most recent amendment impermissibly filed by Plaintiff [at ECF No. 10]."). ECF No. 24 at 5 n.5.

Now, Defendant Sony moves to strike Plaintiff's amended complaint at ECF No. 10 because it was not filed with the opposing party's consent or the court's leave. ECF No. 34 at 4

1  (citing Fed. R. Civ. P. 15(a)(2)). Plaintiff responds that she properly filed her amended complaint
2  within the 21-day period under Rule 15(a)(1)(B). ECF No. 50 a 1. In the alternative, she argues
3  that this Court should grant her leave to amend nunc pro tunc. *Id.* at 3. Defendant Sony contends
4  that Plaintiff already amended her pleading "once as a matter of course" in state court. ECF No.
5  60 at 4–5. It further contends that this Court should deny Plaintiff's request to amend and
6  preclude her from filing further amendments. *Id.* at 6–12.

7        In addition, Plaintiff moves to sanction Defendant Sony under Federal Rule of Civil
8  Procedure 11(b) and (c). ECF No. 66. She argues that opposing counsel, in the Petition for
9  Removal and Motion to Dismiss, made false and defamatory statements by claiming and/or
10 implying that Plaintiff threatened harm towards Chris Brown's dancers in the viral video. *Id.* at 1–
11 4. Defendant Sony responds that its statements were an accurate description of the words in
12 Plaintiff's video and that Rule 11 is an extraordinary remedy. ECF No. 71 at 5–8. Plaintiff
13 opposes these arguments and alternatively ask this Court to sanction Defendant Sony using its
14 inherent authority. ECF No. 76.

15 **II.    DISCUSSION**
16    **A.  Motion to Strike (ECF No. 34)**

17       A party may amend its pleadings before trial "once as a matter of course" within 21 days
18 of serving it, or within 21 days after service of a responsive pleading or motion under Rule 12(b),
19 (e), or (f). Fed. R. Civ. P. 15(a)(1). Courts around the country interpret "once as a matter of
20 course" to mean that plaintiffs have an absolute right to amend the complaint just once. *Stuart v.*
21 *Fisher*, No. 1:02-CV-00020-BLW, 2013 WL 4591005, at *2 (D. Idaho Aug. 27, 2013) (quoting
22 *James v. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 282–83 (D.C. Cir. 2000)); *BNSF Ry.*
23 *Co. v. San Joaquin Valley R. Co.*, No. 1:08-CV-01086, 2010 WL 3745629, at *1 (E.D. Cal. Sept.
24 16, 2010) ("[Plaintiff's] January 11, 2010 pleading did not comply with Rule 15 because [it] had
25 already amended its counterclaims once as a matter of course on November 30, 2009."); *Savignac*
26 *v. Jones Day*, 341 F.R.D. 120, 123 (D.D.C. 2022) ("[T]he right [to amend the complaint once as a
27 matter of course] terminates 21 days after the first responsive pleading or motion under Rule
28 12(b), (e), or (f) is served, and it does not revive thereafter."). So, if a plaintiff has amended once

as a matter of course—whether in state or federal court—then she may amend again "only with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a)(2); *see also Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963) ("[T]he federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court.").

Here, Plaintiff amended once as a matter of course in state court. So, she must seek the opposing party's written consent or the court's leave under Rule 15(a)(2) for future amendments. To the extent Plaintiff asks to file the amended complaint (ECF No. 10) nunc pro tunc in her reply, this Court denies the request without prejudice for failing to file points and authorities in support of her request and for failing to attach the proposed amended complaint. Local Rules 7-2(d) and 15-1. Should Plaintiff seek leave to amend, she must file a motion that addresses the applicable legal factors. Thus, the operative complaint in this case is ECF No. 1-2.

**B. Motion for Sanctions (ECF No. 66)**

Parties may seek sanctions under Federal Rule of Civil Procedure 11(c) by filing a motion that describes the specific conduct that allegedly violates Rule 11(b). Fed. R. Civ. P. 11(c)(2). Under Rule 11(b)(3), attorneys and unrepresented party certify that, to the best of their knowledge, factual contentions made in their filings have evidentiary support. Fed. R. Civ. P. 11(b)(3). The main purpose of Rule 11 is to deter baseless filings and streamline the administration and procedure of the court. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Magistrate judges have jurisdiction to order non-dispositive Rule 11 sanctions. *See Maisonville v. F2 America, Inc.* 902 F.2d 746, 748 (9th Cir. 1990).

Here, Plaintiff takes issue with Defendant Sony's statements that Plaintiff expressed a desire to kill one of Mr. Brown's back up dancers and made death threats. ECF No. 66 at 2; ECF No. 76 at 5. Defendant Sony argues that its statements were not false but based on Plaintiff's words in the modified video that Chris Brown posted. ECF No. 71 at 3. As Defendant explains, in the modified video Plaintiff calls one of Mr. Brown's dancers a loser; states that she sees why

people get guns; and asks where she can legally kill because she is coming for the dancer. *Id.* Plaintiff replies that Defendant Sony relied on the modified video and not the "original transcript." ECF No. 76 at 3–4. She contends that Defendant Sony's language about her desire to kill/death threats is inaccurate. *Id.* at 4.

Consistent with Ninth Circuit authority, this Court exercises extreme caution and declines to impose such an extraordinary remedy as Rule 11 sanctions. Plaintiff does not dispute what she said in the modified video; rather, she takes issue with Defendant Sony's characterization (i.e. desire to kill and death threats) of the statements. However, this Court cannot say that Defendant Sony's characterizations lack evidentiary support given the video. This Court will not invoke its inherent authority to impose sanctions as Plaintiff requests.

### III.  CONCLUSION

**IT IS ORDERED** that Defendant's motion to strike (ECF No. 34) is **GRANTED**. The Clerk's Office is directed to strike ECF No. 10. Should Plaintiff wish to amend her complaint, she may file the appropriate motion.

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions (ECF No. 66) is **DENIED.**

DATED: September 3, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE