UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Angela Reliford,<br><br>Plaintiff,<br><br>v.<br><br>Christopher M. Brown, et al.,<br><br>Defendants. | Case No. 2:25-cv-01088-GMN-BNW<br><br>**AMENDED ORDER & REPORT AND RECOMMENDATION** |

Before this Court are three motions by pro se Plaintiff: (1) Motion for Reconsideration of Order Granting Defendant Sony Music Entertainment's Motion to Extend Time to Respond to Complaint (ECF No. 27); (2) Motion for Entry of Clerk's Default (ECF No. 19); and (3) Motion for Default Judgment Against Defendants Sony Music Entertainment and RCA Records (ECF No. 28). Defendant Sony responded (ECF No. 36), and Plaintiff replied (ECF Nos. 56 and 57). For the reasons discussed below, this Court grants Plaintiff's motion for reconsideration, denies her motion for entry of default, and recommends that her motion for default judgment be denied. It issues this amended order to point out that Defendant Sony takes the position that RCA Records does not have the capacity to be sued.

**I.   BACKGROUND**

The parties are familiar with the general facts of this case, so this Court will not repeat them. Relevant here, Defendant Sony removed the case to federal court on June 18, 2025. ECF No. 1. It moved to extend the time to respond to the operative complaint on June 26, 2025. ECF No. 16. Citing Federal Rule of Civil Procedure 81(c)(2)(C), Defendant Sony stated that its "answer or other response to the May 15 Complaint is due on June 26, 2025." *Id.* at 2. It argued good cause for the extension given the time and effort required to properly review Plaintiff's numerous filings and six complaints. *Id.* at 2–3.

Upon reviewing Defendant Sony's motion, this Court found good cause to grant its request. ECF No. 21. The new deadline to respond was extended by one week. *Id.* Defendant Sony filed a motion to dismiss by that deadline. ECF No. 24.

The same day Defendant Sony moved to extend its time to respond, Plaintiff filed a motion for entry of clerk's default against Defendants Sony and RCA Records[1] for failing to timely respond to her complaint. ECF No. 19. A few days later, Plaintiff filed a motion for default judgment alleging the same. ECF No. 28. She also filed a motion for this Court to reconsider its order granting Defendant Sony's motion to extend time. ECF No. 27.

In the motion for reconsideration, Plaintiff argued that, under Rule 81(c)(2)(C), Defendant Sony had seven days from its removal on June 18, 2025—or until June 25, 2025—to respond to the complaint. *Id.* at 2. According to Plaintiff, because Defendant Sony filed the motion to extend time one day late (on June 26th), this allowed it to evade her motion for default judgment and rewarded procedural gamesmanship. *Id.*; *see also* ECF No. 28 (motion for default judgment).

Defendant Sony responded that even if its motion to extend time was filed one day late, this was an excusable delay given Plaintiff's last-minute attempt to dismiss her copyright claim and file yet another amended pleading. ECF No. 36 at 5. It further contended that default is not appropriate under Federal Rule of Civil Procedure 55(a) because it has vigorously defended against Plaintiff's claims. *Id.* Defendant Sony also noted that Plaintiff's motion for reconsideration is moot because it already filed its motion to dismiss. *Id.*

Plaintiff replied that default is proper because Defendant Sony did not defend by the deadline. ECF No. 56. She (incorrectly) stated that the clerk already entered default. ECF No. 57 at 4. Finally, Plaintiff argued that Defendant Sony cannot "cure the delay before exercising her rights under Rule 55." *Id.*

---

[1] Plaintiff names RCA Records, a division of Sony Music Entertainment, as a defendant in her complaint. ECF No. 1 at 7. However, no proof of service has been filed as to RCA Records, nor has counsel for it appeared in this case.

## II. DISCUSSION

### A. Motion for Reconsideration (ECF No. 27)

Motions for reconsideration are disfavored. Local Rule 59-1. They may be appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The moving party must set forth "some valid reason why the court should reconsider its prior decision" and "facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citation omitted). The decision to reconsider is ultimately left to the court's discretion. *Id.*

Here, Plaintiff moves for reconsideration because Defendant Sony filed its motion to extend time one day late. ECF No. 27. This Court agrees with Plaintiff that, under Rule 81(c)(2)(C), Defendant Sony's response was due seven days after it filed the notice of removal, which was June 25, 2025, *not* June 26, 2025. Because Defendant Sony filed its motion to extend time after this date, this Court should have considered excusable neglect under Rule 6(b). *See* Fed. R. Civ. P. 6(b)(1)(B). However, Plaintiff has put forth no strongly convincing facts or law to reverse this Court's initial decision because Defendant's failure to act was the result of excusable neglect, as discussed below. Given the disfavor of motions for reconsideration and the lack of persuasive facts or law to change this Court's decision, it denies Plaintiff's motion.

Under Federal Rule of Civil Procedure 6(b), a court may extend the time to act for good cause before the deadline expires. Fed. R. Civ. P. 6(b)(1)(A). It may also extend the time to act after the deadline has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). In determining whether neglect is excusable, courts consider four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).

First, there is no danger of prejudice to Plaintiff. Her belief that Defendant Sony somehow evaded default judgment by filing its motion to extend time is incorrect. As explained in section

B, default is not appropriate here because Defendant Sony is defending itself in this case. Second, Defendant Sony filed its motion to extend time one day late, and it only sought a one-week extension to respond to Plaintiff's complaint. This one-day delay and one-week extension have had minimal—if any—impact on proceedings. Third, as Defendant Sony explained in its motion to extend time, it needed additional time to sift through Plaintiff's six complaints and to review her numerous filings. ECF No. 16 at 2–3. Upon review of the docket, Plaintiff filed eight items within the three days leading up to Defendant Sony's filing of its motion. ECF Nos. 8–17. Finally, though Defendant Sony misstated the response deadline by one day, this Court sees no evidence that it did so in bad faith. Taking these factors together, they support finding excusable neglect. Accordingly, Plaintiff's motion for reconsideration is denied.

### B. Motion for Entry of Clerk's Default (ECF No. 19) and Motion for Default Judgment (ECF No. 28)

Obtaining a default judgment is a two-step process governed by Rule 55. Fed. R. Civ. P. 55(a)–(b). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Importantly, "it is inappropriate to enter a default against a party who has indicated their intent to defend." *Spann v. Cox Commc'n*, No. 2:23-CV-00093-GMN-EJY, 2023 WL 7287495, at *1 (D. Nev. Oct. 16, 2023) (citing 2007 advisory notes to Federal Rule of Civil Procedure 55). Second, after the clerk enters default, a party must seek entry of default judgment. Fed. R. Civ. P. 55(b). Of note, the clerk's entry of default is a prerequisite to an entry of default judgment. *See Bhd. Mutual Ins. Co. v. Teen Challenge of Nevada, Inc.*, No. 3:16-CV-00243-LRH-WGC, 2017 WL 1745032, at *1 (D. Nev. May 3, 2017).

Plaintiff has not shown that entry of default under Rule 55(a) is appropriate here. First, Plaintiff has not served RCA. Though she attached a certificate of service (dated May 22, 2025) to her motion for default judgment, a letter rejecting service of process letter was mailed to her on May 28, 2025. ECF No. 28 at 9; ECF No. 1-1. Therefore, entry of default is inappropriate against RCA Records. *See Spann,* 2023 WL 7287495, at *1 (D. Nev. Oct. 16, 2023).

In addition, Defendant Sony represents that RCA Records is an unincorporated subdivision of Sony. ECF No. 1 at 3; ECF No. 24 at 4. It therefore argues that RCA Records does not have the capacity to be sued. ECF No. 1 at 2–3; *see also E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 77 F. Supp. 2d 71 (D.D.C. 1999), *aff'd sub nom. E.E.O.C. v. St. Francis Xavier Sch.*, 254 F.3d 315 (D.C. Cir. 2000) ("[D]efendants are in fact unincorporated divisions of a corporation. As such, their presence in this case triggers a line of precedent holding that unincorporated divisions of a corporation lack legal capacity to be sued.") (collecting cases).

Second, entry of default is also inappropriate against Defendant Sony because it is actively defending against Plaintiff's claims. Plaintiff is incorrect in believing that she may seek default against a defendant because it responded one day late. The law is clear that clerks should not enter default against defendants who have indicated their intent to defend, much less defendants who are actively defending, like Sony. *Id.*

Therefore, this Court orders that the motion for entry of clerk's default is denied. *See Goodwin v. Hatch*, No. 16-CV-00751-CMA-KLM, 2018 WL 3454972 (D. Colo. July 18, 2018), *aff'd,* 781 F. App'x 754 (10th Cir. 2019) (finding that the magistrate judge had authority to vacate the entry of default on an order basis because a "motion to set aside a clerk's entry of default is not a dispositive motion."). This Court recommends that the motion for default judgment be denied as it is procedurally improper to seek default judgment without an entry of default.

### III.  ORDER

**IT IS ORDERED** that Plaintiff's motion for reconsideration (ECF No. 27) and motion for entry of clerk's default (ECF No. 19) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk's Office **VACATE** the prior order at ECF No. 77.

//

//

//

//

### IV. REPORT AND RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's motion for default judgment (ECF No. 28) be **DENIED.** This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991). This notice only applies to the court's reports and recommendations (section IV) and does not apply to the court's orders (section III).

DATED: September 3, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE