UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Angela Reliford, | Case No. 2:25-cv-01088-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Christopher M. Brown, et al., | |
| Defendants. | |

Before this Court is pro se Plaintiff's Motion for U.S. Marshal to Effectuate Service at the Nevada Address and for Clarification of Service Order. ECF No. 96. For the reasons discussed below, this Court grants the motion and directs the U.S. Marshals Service (USMS) to serve Defendant Brown at his Nevada residence.

**I.   BACKGROUND**

This Court previously directed the USMS to serve Defendant Brown (ECF No. 86). As explained by Plaintiff, she prepared the USM-285 forms and service packet in compliance with this Court's order. ECF No. 96 at 3. She further contacted the Los Angeles USMS to clarify their service procedure as Defendant Brown has residences in Los Angeles and Las Vegas. *Id.* Following their instructions, Plaintiff submitted two, separate service packets (one for Las Vegas and one for Los Angeles) to the Las Vegas USMS. *Id.* She included the written instructions from the Los Angeles USMS indicating that the Las Vegas USMS should forward the California-related materials to the Los Angeles USMS. *Id.* Plaintiff called the Las Vegas USMS to confirm the status of service on November 25, 2025, and was informed that they had forwarded the entire packet to Los Angeles. *Id.* at 4. Accordingly, Plaintiff requests that: (1) the Court direct the Las Vegas USMS to serve Defendant Brown at his Nevada residence (and not forward any materials to California); (2) the Las Vegas USMS file a return of service or non-service; and (3) the Court extend the service deadline 60 days from the date of the order on this motion.

## II. DISCUSSION

When a party proceeds *in forma pauperis*, the court "shall issue and serve all process." 28 U.S.C. § 1915(d); *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) ("[A] party proceeding in forma pauperis is entitled to have the summons and complaint served by the U.S. Marshal.").[1]

Federal Rule of Civil Procedure 4 provides that a plaintiff must serve a defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

Here, Plaintiff proceeds *in forma pauperis* and is therefore entitled to the Court's aid in serving the Defendants. *See* ECF No. 75. Plaintiff's current deadline to serve Defendant Brown is December 15, 2025. *See* ECF No. 74. Plaintiff has shown good cause to extend the service deadline by 60 days because she acted diligently by timely submitting her USM-285 forms and contacting the Los Angeles USMS to ensure she was following the correct procedure. Thus, this Court need not consider excusable neglect.

Finally, as ordered below, the Las Vegas USMS will attempt service on Defendant Brown at his Nevada residence. If Defendant Brown is served, a "summons returned executed" will appear on the docket. If he is not served, a "summons returned unexecuted" will appear on the docket.

//

//

---

[1] Section 1915(d) dovetails with Rule 4, which provides that upon the request of a plaintiff authorized to proceed in forma pauperis, the Court "must" order "that service be made by a United States marshal or deputy or by a person specifically appointed by the court." Fed. R. Civ. P. 4(c)(3).

### III. CONCLUSION

**IT IS ORDERED** that Plaintiff's motion for service (ECF No. 96) is **GRANTED**. Plaintiff will have until **February 2, 2026**, to serve Defendant Brown.

**IT IS FURTHER ORDERED** that the Clerk of Court send Plaintiff one blank copy of form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff will have until **January 5, 2026,** to send the required USM-285 form to the U.S. Marshals in the District of Nevada. On the form, Plaintiff must fill in Defendant Chris Brown's last known Nevada address.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue a summons for Defendant Chris Brown.

**IT IS FURTHER ORDERED** that the Clerk of Court serve one copy this Order, the issued summons, the USM-285 form, and one copy of the operative complaint (ECF No. 1-2) on the U.S. Marshals Service in the District of Nevada.

**IT IS FURTHER ORDERED** that within 21 days of receipt of these documents, in accordance with Federal Rule of Civil Procedure 4(c)(3), the U.S. Marshals Service in the District of Nevada shall attempt service on Defendant Chris Brown at his last-known address in Nevada.

DATED: December 2, 2025

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE