UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Angela Reliford, | Case No. 2:25-cv-01088-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Christopher M. Brown, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se and *in forma pauperis*. ECF no. 75. Before this Court is her motion for exemption from PACER fees. ECF No. 97. Plaintiff asserts that her financial circumstances make PACER fees a substantial barrier to accessing her own case filings, orders, and docket activity. *Id.* at 1. She attached a declaration stating that PACER attempted to charge her account $80.30, but the charge failed due to insufficient funds. *Id.* at 5. Plaintiff explains that the volume of docket activity in this case and the necessity of reviewing filings to comply with deadlines warrants an exemption from PACER fees. *Id.* at 2. For the reasons discussed below, this Court grants Plaintiff's motion in part.

**I.  DISCUSSION**

"With the PACER system users can view and print case filings, judicial opinions, and other docket information from the federal trial, bankruptcy, and appellate courts." *In re Gollan*, 728 F.3d 1033, 1035 (9th Cir. 2013). PACER is supported by user fees and, "[i]n order to ensure the fees do not impair public access to the courts, Congress directed the Judicial Conference to 'provide for exempting persons or classes or persons' for whom fees would be an unreasonable burden." *Id.* Parties in a case, including pro se litigants like Plaintiff, are included in the automatic fee exemption because they receive "one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the file." *See id.*

The *in forma pauperis* statute does not exempt a litigant from PACER fees. *See* 28 U.S.C. § 1915(a). And proceeding *in forma pauperis* is insufficient to establish that payment of PACER fees constitutes an unreasonable burden. *Leuhring v. Los Angeles County*, No. 2:21-cv-01426-GW-SHK, 2021 WL 4533275 (C. D. Cal. Aug. 4, 2021). Rather, the fee schedule "requires those seeking an exemption to demonstrate that an exemption is limited in scope and is necessary in order to avoid an unreasonable burden." *Electronic Public Access Fee Schedule*, United States Courts, (December 31, 2019), https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule. The Judicial Conference "cautions that exemptions should be granted as the exception, not the rule, and prohibits courts from exempting all users from [Electronic Public Access] fees." *Id.* It further "permits courts to grant exemptions for a definite period of time, to limit the scope of the exemptions, and to revoke exemptions." *Id.*

Here, Plaintiff explained that it would be burdensome for her to pay the service fees associated with using PACER given the volume of docket activity in this case and her limited funds (which is supported by the fact that she had insufficient funds to pay the $80.30 PACER charge). Plaintiff limits the scope of her request to this case. *See* ECF No. 97 at 2. This Court will further limit the scope of her request to six months. Should Plaintiff require an exemption from PACER fees after six months, she will need to file another motion.

Furthermore, this Court notes that Plaintiff is entitled to one free electronic copy of all documents filed electronically in her case since she is pro se. *See Electronic Public Access Fee Schedule*, United States Courts, (December 31, 2019), https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule. She should endeavor to download/save these free copies so that she can refer back to them without incurring additional fees. No fee is charged for access to judicial opinions either. *Id.* Finally, Plaintiff may not sell any data she receives through the exemption. *See id.*

/ /

/ /

/ /

/ /

## II. CONCLUSION

**IT IS ORDERED** that Plaintiff's motion for exemption from PACER fees (ECF No. 97) is GRANTED in part. Plaintiff will be exempted from paying the $80.30 in PACER fees, and she will be exempt from paying future fees in this case for six months. Still, Plaintiff is instructed to conserve resources by saving the one free copy she receives via the notice of electronic filing or notice of docket activity.

DATED: December 16, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE