# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ANGELA RELIFORD,

                      Plaintiff,

    vs.

SONY MUSIC ENTERTAINMENT, INC., *et al.*,

                    Defendants.

Case No.: 2:25-cv-01088-GMN-BNW

**ORDER GRANTING MOTION TO DISMISS AND STAYING CASE**

Pending before the Court is the Motion to Dismiss, (ECF No. 24), filed by Defendant Sony Music Entertainment ("SME").[1] Plaintiff Angela Reliford filed a Response, (ECF No. 39), to which SME filed a Reply, (ECF No. 51).[2] Also before the Court are the parties' Responses, (ECF Nos. 108, 110), to the Court's Order to Show Cause, (ECF No. 107), ordering the parties to show cause why this Court should not stay or dismiss this action under the doctrine articulated in *Colorado River Water Conversation District v. United States*, 424 U.S. 800 (1976). Further pending before the Court is Plaintiff's Motion to Remand, (ECF No. 9), to which SME filed a Response, (ECF No. 37), and Plaintiff filed a Reply, (ECF No. 55). Also

---

[1] Plaintiff's Complaint also names Defendants RCA Records and Christoper M. Brown. RCA Records is a division of SME, not a separate entity. (Mot. Dismiss 1:19, ECF No. 24). SME's Motion to Dismiss therefore applies to all claims asserted against both SME and RCA Records, who is erroneously sued as a separate entity.

[2] Plaintiff also filed the pending Motion for Leave to File Supplemental Opposition to Defendant's Motion to Dismiss, (ECF No. 52). In her Motion, Plaintiff essentially seeks leave to file a surreply. Per Local Rule 7-2, "motions for leave to file a surreply are discouraged." Generally, surreplies are permitted where new arguments were raised in the Reply. That is not the case here. Plaintiff was given an opportunity to respond to SME's arguments in her Response and makes no showing of why she was unable to make the arguments included in the proposed surreply in her original Response. The information did not become available only after the filing of SME's Reply; rather, it appears Plaintiff merely seeks another opportunity to rebut SME's arguments. Such an opportunity is not provided for in the Federal Rules of Civil Procedure or this Court's Local Rules. Accordingly, the Court DENIES Plaintiff's Motion for Leave to File Supplemental Opposition.

pending before the Court are Plaintiff's Motion for Default Judgment, (ECF No. 28),[3] Motion for Consideration of Plaintiff's Statement Regarding Jurisdictional Harm, (ECF No. 46), Motion to Stay Discovery, (ECF No. 45),[4] Motion for Leave to File Revised Proposed Second Amended Complaint, (ECF No. 88), and Motion for Court Ordered Alternative Service, (ECF No. 103). Lastly, SME's Motion to Stay Discovery, (ECF No. 45), is also pending before the Court.

Because the Court finds that it does not have personal jurisdiction over SME, and stays this case under the *Colorado River* abstention doctrine, the Court GRANTS SME's Motion to Dismiss and DENIES the remaining motions as moot.[5]

## I.    BACKGROUND

This case arises out of Defendant Chris Brown's alleged posting of a defamatory post about Plaintiff. (Compl., Ex. 2 to Pet. Removal, ECF No. 1-2). Plaintiff is an aspiring actress and content creator. (*Id.* ¶ 1). Plaintiff alleges that Brown posted a video on Instagram that used a manipulated version of Plaintiff's original video and falsely depicted her as a violent and mentally unstable individual. (*Id.* at 3). The post reached over 145 million followers, which Plaintiff avers incited harassment, ridicule, workplace hostility, and physical assault against her. (*Id.*). Plaintiff claims that SME and RCA Records, who exercise control over Brown's branding and public activity, failed to intervene when Brown posted the video. (*Id.* ¶ 12). She asserts the following claims for relief: (1) Defamation/Slander; (2) False Light; (3) Libel; (4)

---

[3] Also pending before the Court is the Report and Recommendation issued by Magistrate Judge Weksler, (ECF No. 79). Because the Court denies the Motion for Default Judgment as moot, it also rejects the Report and Recommendation as moot.

[4] Plaintiff also filed the pending Motion for Leave to File Sur-Reply to the Motion to Stay Discovery, (ECF No. 70). Because the Court denies the Motion to Stay Discovery as moot, it also Plaintiff's Motion for Leave to File Sur-Reply as moot.

[5] Plaintiff's Motion for Leave to File Revised Proposed Second Amended Complaint, (ECF No. 88), and Motion for Court Ordered Alternative Service, (ECF No. 103), are denied without prejudice, with leave to refile after this case is unstayed in the event the state court litigation does not resolve all issues in this case.

Intentional Infliction of Emotional Distress; (5) Negligent Infliction of Emotional Distress; and (6) Negligence. (*Id.* at 7).

Plaintiff originally filed this case in the Eighth Judicial District Court of Clark County, Nevada on January 21, 2025. (Pet. Removal 1:23–25, ECF No. 1). SME removed the case to this Court on June 18, 2025. (*Id.*). Plaintiff then filed the instant Motion to Remand, and SME filed the instant Motion to Dismiss asserting that the Court lacks personal jurisdiction over SME and that Plaintiff failed to state a claim against it. In response to SME's filing of a Notice of Related Cases, (ECF No. 104), the Court entered an Order to Show Cause in writing why this Court should not stay or dismiss this action under the *Colorado River* doctrine. The parties both filed a Response, (ECF Nos. 108, 110), and this Order follows.

## II.    **LEGAL STANDARD**

### A. **Motion to Dismiss for Lack of Personal Jurisdiction**

Federal Rule of Civil Procedure ("FRCP") 12(b)(2) permits a defendant, by way of motion, to assert the defense that a court lacks personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2). The party asserting the existence of jurisdiction bears the burden of establishing it. *See Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003). When a 12(b)(2) motion is based on written materials, rather than an evidentiary hearing, a "plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "This prima facie standard 'is not toothless,' however; [plaintiff] 'cannot simply rest on the bare allegations of its complaint.'" *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020) (quoting *In re Boon Glob. Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019)), *overruled in part on other grounds by Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025).

In reviewing a motion, the court accepts "as true all uncontroverted allegations in the complaint." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972

F.3d 1101, 1106 (9th Cir. 2020).  If the defendant comes forward with a "contradictory affidavit, the plaintiff cannot simply rest on the bare allegations of its complaint." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 502 (9th Cir. 2023) (internal citation and quotations omitted). However, "[i]f both sides submit affidavits, then '[c]onflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor.'" *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022) (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

When no federal statute applies to the determination of personal jurisdiction, the law of the state in which the district court sits applies. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  Because Nevada's long-arm statute reaches the outer limits of federal constitutional due process, courts in Nevada need only assess constitutional principles of due process when determining personal jurisdiction. *See* Nev. Rev. Stat. 14.065; *Galatz v. Eighth Jud. Dist. Ct.*, 683 P.2d 26, 28 (Nev. 1984).

Due process requires that a non-resident defendant have minimum contacts with the forum state such that the "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash. Off of Unemployment Compl. & Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts may give rise to either general jurisdiction or specific jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).  General jurisdiction exists where a defendant maintains "continuous and systematic" ties with the forum state, even if those ties are unrelated to the cause of action. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984)).  Specific jurisdiction exists where claims "arise[ ] out of" or "relate[ ] to" the contacts with the forum, even if those contacts are "isolated and sporadic." *Id.*

///

**B. Remand**

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Diversity is determined, and must exist, at the time the complaint is filed, and removal is effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

**C. *Colorado River* Doctrine**

"In exceptional circumstances, a federal court may decline to exercise its 'virtually unflagging obligation' to exercise federal jurisdiction, in deference to pending, parallel state

proceedings." *Montanore Mins. Corp. v. Bakie*, 867 F.3d 1160, 1165 (9th Cir. 2017) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).  The Ninth Circuit directs courts to consider eight factors when deciding whether to stay or dismiss under *Colorado River*:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011).  The decision to abstain under *Colorado River* "does not rest on a mechanical checklist;" it instead requires "a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

## III.    DISCUSSION

The Court begins by addressing the pending Motion to Dismiss before turning to other pending matters.

### A.  Motion to Dismiss

Defendant SME moves to dismiss this case for lack of personal jurisdiction, asserting that the Court has neither general nor specific jurisdiction over it.  Because Plaintiff concedes that the Court does not have general jurisdiction over SME, and the Court agrees, the Court analyzes only whether specific jurisdiction exists.

Specific jurisdiction refers to "jurisdiction based on the relationship between the defendant's forum contacts and plaintiff's claims." *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007).  Specific jurisdiction must arise out of "contacts that the 'defendant himself' creates

with the forum State" and cannot be established from the conduct of a plaintiff or third parties within the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Courts employ a three-prong test to analyze whether the assertion of specific personal jurisdiction in a given forum is proper:

> 1) The non-resident defendant must [a] purposefully direct his activities or consummate some transaction with the forum or resident thereof; or [b] perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

"The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* If the plaintiff satisfies the first two prongs, the burden will shift to the defendant to show that exercising jurisdiction would be unreasonable. *Id.* "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.*

In considering the first prong of the specific jurisdiction test, the Court must ensure "that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party." *Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001). The Ninth Circuit typically distinguishes between cases sounding in contract and those sounding in tort. *Id.* In contract actions, the inquiry considers whether a defendant "purposefully avails itself of the privilege of conducting activities or consummates a transaction in the forum, focusing on activities such as delivering goods or executing a contract." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (cleaned up). In tort cases, the inquiry assesses whether the defendant "purposefully directs his activities at the forum state." *Id.* (cleaned up).

Here, Plaintiff asserts only tort claims;[6] the Court therefore analyzes whether SME has purposefully directed its activities at Nevada.  The purposeful direction test, based on *Calder v. Jones*, 465 U.S. 783 (1984), requires Plaintiff to establish that Defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) (quoting *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 673 (9th Cir. 2012)).  If these elements are met, a court can exercise jurisdiction "even if the defendant never set foot in the forum state." *Burri L. PA v. Skurla*, 35 F.4th 1207, 1213 (9th Cir. 2022).  An action may be directed at a forum state even if it occurred elsewhere. *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017).

Plaintiff does not plead facts that satisfy any of the *Calder* elements.  She does not allege that SME took any intentional acts that were directed at Nevada; instead, her claims against SME appear to be premised on harm she suffered in Georgia.  In her Response, Plaintiff argues that SME purposefully directed its activity at Nevada because of its "financial interest in [Brown's meet-and-greet] campaign, its access to Chris Brown's branding, and its failure to intervene" after Brown's allegedly defamatory post went viral. (Resp. 3:23–4:2).  But none of those alleged involvements or failures to act was expressly aimed at Nevada.  Nor did they cause harm that SME knew was "likely to be suffered in [Nevada]." *Axiom Foods*, 874 F.3d at 1069.  Even if Plaintiff had successfully alleged that SME committed intentional acts, the alleged harm in this case was clearly felt in Georgia, where Plaintiff resides.  Additionally, Plaintiff claims for the first time in her Response that her reputation was harmed in Nevada's entertainment and music industry. (Resp. 4:5–7).  Even if the Court were to accept this

---

[6] In her Amended Complaint, Plaintiff asserts the following claims against unspecified Defendants: Defamation, Slander, False Light, Invasion of Privacy, Libel, Copyright Infringement, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and Negligence. (Am. Compl. at 2, Ex. 2 to Pet. Removal, ECF No. 1-2); (*see also* Notice of Voluntary Dismissal of Copyright Claim, ECF No. 8).

allegation despite not being made in her Complaint, Plaintiff offers no explanation for why she experienced harm in Nevada despite residing in Georgia.  Moreover, such a conclusory statement cannot support a finding that SME *knew* the alleged harm was likely to be suffered in Nevada.

Plaintiff also points to a concert Brown held in Las Vegas on August 3, 2024, in connection with the 11:11 Tour. (Resp. 3:15–20).  Again, Plaintiff did not allege facts relating to that concert in her Complaint.  Even if the Court were to consider the new allegations in her Response, the fact that Brown had a concert in Las Vegas while on a national tour does nothing to support a finding that SME purposefully directed any actions at Nevada.  Even accepting the unsupported allegation that SME was involved in the 11:11 tour, which SME contests, having a single stop in Nevada on a nationwide tour is insufficient to find that SME intentionally aimed its conduct at Nevada.  Plaintiff's alleged harm does not arise out of that tour stop in Nevada; rather, she alleges that she attended a meet-and-greet on the 11:11 tour in *Montreal*, and that she was defamed by Brown's post while residing in Georgia.  Nothing in Plaintiff's Complaint or Response supports a finding that SME committed an intentional act, that such an act was aimed at Nevada, or that SME knew the harm was likely to be experienced in Nevada; thus, Plaintiff fails to meet her burden of proving that SME directed its activities at Nevada. *See Axiom Foods*, 874 F.3d at 1069.

Because the Court finds Plaintiff failed to meet her burden of proving the first prong of the specific jurisdiction test, it need not analyze the next two prongs to reach the conclusion that it does not have personal jurisdiction over SME.  Accordingly, the Court GRANTS SME's Motion to Dismiss for lack of personal jurisdiction.[7]

///

---

[7] Because Defendant RCA Records is not a separate entity from SME, (Mot. Dismiss 1:19), all claims asserted against it are also dismissed.

**B. Remand**

Plaintiff moves to remand this case because she voluntarily dismissed "any language that could be construed" as a federal copyright infringement claim, leaving only state law claims remaining. (Mot. Remand 3:17–18, ECF No. 9). She further argues that the forum defendant rule prevents removal because Brown is a resident of Nevada. (*Id.* 3:24–27).

Even though only state law claims remain, the Court finds that it has diversity jurisdiction on the face of the Complaint. Plaintiff is a citizen of Georgia, and the last remaining Defendant (Brown) allegedly resides in Nevada. (Compl. at 4, Ex. 2 to Pet. Removal). Further, Plaintiff's Complaint seeks compensatory damages in the amount of $30,000,000, as well as punitive damages. (*Id.* at 8). Thus, all requirements for diversity jurisdiction are met. Where a case is properly removed based on federal question jurisdiction but the plaintiff subsequently amends their complaint to eliminate federal claims, a federal court cannot remand the remaining state law claims if diversity jurisdiction exits. *See Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976–77 (9th Cir. 2006). Accordingly, the Court DENIES Plaintiff's Motion to Remand the remaining claims against Brown.

**C. *Colorado River***

Though the Court dismisses the claims asserted against SME, claims against Brown remain. Because there are still pending claims, the Court next considers whether this case should be stayed or dismissed during the pendency of Plaintiff's state suit under the *Colorado River* doctrine.[8]

The Court considers the following factors when deciding whether a stay or dismissal of this case is warranted:

---

[8] As the Ninth Circuit has recently emphasized, *Colorado River* is not an abstention doctrine, because *Colorado River* stays are based on administrative rather than federalism concerns. *See Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 836 (9th Cir. 2023).

(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether state court proceedings will resolve all issues before the federal court.

*R.R. Street & Co.*, 656 F.3d at 978–79.  "These factors are not a 'mechanical checklist'; indeed, some may not have any applicability to a case. *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 841 (9th Cir. 2017) (quoting *Cone Mem'l Hosp.*, 460 U.S. at 16).  Rather, the courts examine them in a "pragmatic, flexible manner with a view to the realities of the case at hand." *Cone Mem'l Hosp.*, 460 U.S. at 21.  "The underlying principle guiding this review is a strong presumption against federal abstention." *Seneca Ins.*, 862 F.3d at 841.

The Court addresses in turn each *Colorado River* factor that applies to this case.[9]

### 1.  Avoidance of piecemeal litigation

Piecemeal litigation is when "different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988).  Here, there is a strong possibility of piecemeal litigation.  Plaintiff has brought the exact same tort claims against the same Defendant in both tribunals, which would require duplicated efforts from both courts that could possibly reach different conclusions on those claims. *See Am. Int'l Underwriters*, 843 F.2d at 1258.  As a result, these "parallel proceedings could waste judicial resources and cause confusion in the continuing disputes between the parties." *See Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 837 (9th Cir. 2023).  Accordingly, the Court finds that this factor weighs in favor of staying this case.

---

[9] The first factor does not apply here as this case does not involve tangible property.

## 2. The order in which the forums obtained jurisdiction

This case was filed prior to Plaintiff's California case.  But this factor does not only consider which complaint was filed first; instead, courts must weigh this factor "in a pragmatic, flexible manner with a view to the realities of the case at hand." *R&R Street*, 656 F.3d at 980. Despite having been filed first, this action remains at the early stages: the only remaining Defendant has not been served and discovery has not commenced.  Meanwhile, in the California action, SME answered Plaintiff's Complaint and has not contested that court's jurisdiction.  Additionally, the Tech defendants have been served, and TikTok and Meta have filed demurrers.  Because more progress has been made in the state court case than in this case, where the sole Defendant has not been served, the Court finds that this factor weighs slightly in favor of staying this case.

## 3. The rule of decision

Only state law claims remain in this case, but the claims are not notably complex.  So, this factor is neutral. *See R.R. Street*, 656 F.3d at 980–81 (finding this factor to be neutral where the source of law is state law, but not complex).

## 4. The adequacy of the state forum and parallelism of the suits

The adequacy factor looks to whether the state court might be unable to enforce federal rights. *See, e.g., Cone Mem'l Hosp.*, 460 U.S. at 26–27 (finding state proceedings might be inadequate because it was unclear whether state courts would compel arbitration under the Federal Arbitration Act); *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1370 (9th Cir. 1990) ("This factor involves the state court's adequacy to protect federal rights, not the federal court's adequacy to protect state rights." (citing *Cone Mem'l Hosp.*, 460 U.S. at 26)).  Plaintiff does not assert any federal claims, so there are no federal rights at issue.  Because there is no concern regarding the state court's adequacy here, the Court finds that this factor weighs in favor of staying this case.

### 5. The avoidance of forum shopping

When evaluating forum shopping under *Colorado River*, courts consider whether either party improperly sought more favorable rules in its choice of forum or pursued suit in a new forum after facing setbacks in the original proceeding. *See Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989) (finding forum shopping where, after three-and-a-half years of litigation in a case that was progressing to its detriment, one party sought a "new forum for [its] claims").

Here, Plaintiff originally filed this case in Nevada state court on January 21, 2025. (Pet. Removal 1:23). SME removed the case to federal court on June 18, 2025. (*Id.*). Just a few weeks after this case was removed and Plaintiff filed her Motion to Remand, she filed the parallel case in California state court. (Not. Related Case 1:20–25, ECF No. 104). Plaintiff voluntarily dismissed any language that could be construed as asserting a federal copyright infringement claim and strenuously argued for the remanding of this case. Thus, it is at least possible that Plaintiff's filing of a nearly identical case in California state court was an attempt to litigate this case in a state rather than federal forum. But, given Plaintiff's *pro se* status, it is perhaps equally as likely that she was not aware that she could amend her Complaint in this case to include the additional claims and defendants named in her California case. The Court therefore finds that this factor is neutral.

### 6. Parallelism

Parallelism is a "threshold requirement for a *Colorado River* stay." *Ernest Bock*, 76 F.4th at 838. As the Supreme Court has explained:

> When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all. Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses.

*Moses Cone*, 460 U.S. at 28 (citations omitted).

"Exact parallelism" between the state and federal actions "is not required" to warrant abstention. *Nakash*, 882 F.2d at 1416 (9th Cir. 1989) (citing *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988)).  Instead, "[i]t is enough if the two proceedings are 'substantially similar.'" *Id.*  Further, when the "federal action is but a 'spin-off' of more comprehensive state litigation," courts should be "particularly reluctant to find that the actions are not parallel." *Id.* at 1417 (quoting *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695–96 (7th Cir. 1985)).

Plaintiff's California action seeks relief based on the same underlying events as this case: she alleges that Brown posted a manipulated version of her video that wrongly labeled her as a "stalker" who threatened to kill Brown and his dancers. (State Court Compl. 2:1–12, Ex. 1 to Notice of Related Case, ECF No. 104-1).  She similarly alleges that the video went viral as a coordinated smear campaign, and that she was harassed as a result of the video being posted. (*Id.* 2:11–18).  Plaintiff brings the following causes of action in both cases: defamation/slander, false light, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. (*Id.* 5:18–6:18).  She also asserts additional claims for invasion of privacy and civil conspiracy in her California case. (*Id.*).  Her California case is brought against Brown, SME, RCA Records, Meta Platforms, Inc., Snap, Inc., and X. Corp. (formerly Twitter).

In other words, Plaintiff's California case brings all the claims asserted against the sole Defendant in this case, which makes them at least "substantially similar." *See Nakash*, 882 F.2d at 1416.  Given that the claims are identical, the Court expects that the state court will resolve this dispute in its entirety, and this Order will "settle the matter for all time." *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988).  Moreover, the California case includes additional claims brought against more Defendants, all arising out of the same underlying event.  Thus, because the California case is both parallel and "vastly more

comprehensive" than this action, the Court concludes that this factor counsels staying this case. *See Madonna*, 914 F.2d at 1369 (reasoning that a *Colorado River* stay may be appropriate where there is a "'vastly more comprehensive' state action that can adjudicate the rights of many parties"); *see also Nakash*, 882 F.2d at 1417 ("We should be particularly reluctant to find that the actions are not parallel when the federal action is but a 'spin-off' of more comprehensive state litigation.").

Having considered the above factors, most of which weigh in favor of a stay the Court finds that staying this case pending the state court's adjudication is warranted and serves efficient and just judicial administration.

## V.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 24), is **GRANTED** for lack of personal jurisdiction over Sony Music Entertainment.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand, (ECF No. 9), is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **STAYED.** Once the California state court proceedings have concluded, any party may move to lift this stay.

**IT IS FURTHER OTHERED** that Plaintiff's Motion for Default Judgment, (ECF No. 28), Motion for Consideration of Plaintiff's Statement Regarding Jurisdictional Harm, (ECF No. 46), Motion for Leave to File Supplemental Opposition, (ECF No. 52), Motion for Leave to File Sur-Reply, (ECF No. 70), Motion for Leave to File Reply in Support of Objection, (ECF No. 84), Motion for Leave to File Revised Proposed Second Amended Complaint, (ECF No. 88), and Motion for Court Ordered Alternative Service, (ECF No. 103), are **DENIED as moot.**

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 79), is **REJECTED as moot.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay Discovery, (ECF No. 45), is **DENIED as moot.**

The Clerk of Court is kindly directed to stay this case.

**DATED** this __10__ day of February, 2026.

_____

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT